TOWN OF NORTH HEMPSTEAD, Appellant-Respondent, v. DE PASQUALE BROS., INC., et al., Respondents-Appellants, et al., Defendants.— Action to enjoin the use of property as a sand and gravel pit and the operation of equipment thereon. Plaintiff appeals from so much of the judgment as dismissed the first cause of action based on alleged violation of its zoning ordinance and as granted a limited restraint of the operation of the equipment on the ground that the manner of operation constituted a nuisance as alleged in the second cause of action. Defendants De Pasquale Bros., Inc., and Roslyn Sand & Gravel Corporation appeal from the judgment insofar as it restrains operation of the equipment. Judgment unanimously affirmed, without costs. The findings that there was a nonconforming use prior to the adoption of the zoning ordinance in 1929 and that there was never a discontinuance of such nonconforming use for a period of twelve months are supported by the evidence and are not contrary to the weight thereof, save insofar as it is found that processing of the sand was continuous. There was no processing from 1942 to 1949. Findings 5, 6, 12 and 13, submitted by respondents-appellants, are, therefore, modified by eliminating therefrom the word "processing". However, the original nature and purpose of the use were not changed by the nonuser of the hopper for such period. Prior to the adoption of the ordinance and its re-enactment, there had been one or two hoppers on the property. Evidence, which has been credited, was to the effect that one of the prior hoppers was dismantled and parts utilized after the ordinance became effective. The increase or decrease of equipment revealed by this record was not sufficient to warrant holding that the essential character of the nonconforming use had been altered or discontinued. (Cf. *Cheswick Borough* v. *Bechman,* 352 Pa. 79.) In view of the evidence as to the use by MacLoud of the property in May, 1937, and the statement in the abstract of title, plaintiff's Exhibit 17, that the deed to the County of Nassau in August, 1937, conveyed all the right, title and interest of "G. H. MacLoud Corp. in said premises being the owner thereof, so far as appears on the record", Special Term was not required to hold that the right to the nonconforming use had been lost by the transfer of the tax lien in 1933 to another corporation in which MacLoud had an interest. It cannot be assumed that MacLoud was a trespasser. Present — Nolan, P. J., Carswell, Adel, MacCrate and Schmidt, JJ. [See 281 App. Div. 709.]

(November 24, 1952.)

ANTHONY IANNELLI, Appellant, v. MORRIS MAGGI et al., Copartners Doing Business under the Name of MALMO HOUSE WRECKING Co., Defendants, and SALVATORE FRANKOLINO et al., Respondents.— Motion for leave to appeal to the Court of Appeals denied. Present — Carswell, Acting P. J., Johnston, Adel, MacCrate and Schmidt, JJ. [See *ante,* p. 933.]

JOHN H. NICHOLS et al., Respondents, v. ITEM PUBLISHERS, INC., Appellant.— Motion for extension of time to serve an amended complaint denied, without costs. Present — Carswell, Acting P. J., Johnston, Adel, MacCrate and Schmidt, JJ. [See *ante,* p. 944.]